# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TESLA, INC; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISTION ISAIAH FORTIER

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
12/09/2024
Chad Finke, Executive Officer / Clerk of the Court
By: _____D. Franklin_____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of California
*(El nombre y dirección de la corte es):*
County of Alameda
4405 Amador Street
Hayward, CA 94544

**CASE NUMBER:**
*(Número del Caso):*
24CV102546

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Manny Starr, 319778                    (818) 914-3433
Frontier Law Center, 23901 Calabasas Road, Suite 1084, Calabasas, CA 91302

DATE: 12/09/2024    Chad Finke, Executive Officer / Clerk of the Court    Clerk, by _____D. Franklin_____, Deputy
*(Fecha)*                                                                  *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **TESLA, INC**
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
12/09/2024 at 01:38:43 PM
By: Damaree Franklin,
Deputy Clerk

Manny Starr (319778)
manny@frontierlawcenter.com
Daniel Ginzburg (327338)
dan@frontierlawcenter.com
**FRONTIER LAW CENTER**
23901 Calabasas Road, Suite 1084
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorneys for Plaintiff
CHRISTION ISAIAH FORTIER

IN THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| CHRISTION ISAIAH FORTIER,<br><br>Plaintiff(s),<br><br>v.<br><br>TESLA, INC; and DOES 1 through 100,<br><br>Defendant(s). | Case No. 24CV102546<br><br>**COMPLAINT**<br><br>1. **Disability Discrimination in Violation of FEHA**<br>2. **Failure to Accommodate Disability in Violation of FEHA**<br>3. **Failure to Engage in Interactive Process in Violation of FEHA**<br>4. **Retaliation in Violation of FEHA**<br>5. **Retaliation for Requesting Accommodation in Violation of FEHA**<br>6. **Wrongful Termination** |

**RELEVANT PARTIES**

1. Plaintiff CHRISTION ISAIAH FORTIER ("Plaintiff") is an adult resident of San Joaquin County, California, and was at all times relevant residing in San Joaquin County, California.

2. Defendant TESLA, INC ("Defendant") is a Delaware Corporation with its principal place of business located in Austin, Texas. Defendant is registered to and does conduct business in the State of California and is subject to the laws of the State of California. All acts and omissions of Defendant employees as alleged herein occurred while they were acting within the course and scope of their employment.

///

3. Plaintiff is unaware of the true names or capacities of the Defendants sued herein as DOES 1 through 100, inclusive ("Doe Defendants"), and therefore sues said Doe Defendants by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to insert the true names and capacities of such Doe Defendants when such information has been obtained. Plaintiff is informed and believes, and based on such information and belief alleges, that each of the fictitiously named Doe Defendants has participated in some way in the wrongful acts and omissions alleged below, and is liable to Plaintiff for damages and other relief to which Plaintiff is entitled. Defendant and Doe Defendants are collectively referred to as "Defendants".

## JURISDICTION AND VENUE

4. This action is properly filed in Alameda County because the acts and omissions that give rise to Plaintiff's claims took place in Alameda County, and Defendants transact substantial business in this County.

5. This Court has jurisdiction over Defendants because Defendants' unlawful conduct as alleged herein occurred in Alameda County, California and Plaintiff suffered damages from such conduct within Alameda County, California.

## FACTUAL ALLEGATIONS

6. At all times relevant, Plaintiff was Defendants' employee.

7. Plaintiff was employed by Defendants from around November 2023 to around April 2024.

8. Around the first week of April 2024, Plaintiff was injured at work while performing work related tasks.

9. One week after the injury, Plaintiff visited Concerntra, Fremont, California, which is Defendant's medical provider. Plaintiff was advised that the medical provider will forward to Defendants results of the medical examination.

10. Plaintiff was placed on light duty pursuant to orders from the medical provider.

11. Shortly after, or on April 14, 2024, Plaintiff received an email stating that he was terminated and that he should not report to work.

///

///

**EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS**

12. On December 9, 2024, prior to initiating this complaint, Plaintiff filed with the California Civil Rights Department (hereinafter "CCRD"), a Complaint of Discrimination, Harassment, and Retaliation against Defendant. On December 9, 2024, the CCRD issued a Notice of Case Closure and Right-to-Sue letter to Plaintiff, authorizing Plaintiff to file a private lawsuit against Defendant in order to enforce their rights under FEHA.

13. Plaintiff has therefore exhausted all administrative remedies required by FEHA as a prerequisite to filing this action.

**FIRST CAUSE OF ACTION**

**Violation of California Government Code § 12940 et seq. – Discrimination based on Disability**

**By Plaintiff Against All Defendants**

14. Plaintiff incorporates by reference the paragraphs above.

15. Government Code § 12940(a) prohibits an employer from discriminating against an employee in compensation or in terms, conditions, or privileges of employment because of the employee's "race," "national origin, ancestry, physical disability, mental disability, medical condition" or "sex.".

16. During their employment with Defendants, Plaintiff was subjected to discrimination based on their disability

17. Plaintiff was subjected to discrimination based on their disability (described supra).

18. Specifically, Plaintiff was injured while performing work related functions.

19. Shortly after his workplace injury, Plaintiff was terminated from employment.

20. The discriminatory actions of Defendants against Plaintiff constitute unlawful discrimination in violation of FEHA. Such violations were a proximate cause in Plaintiff's damages as stated below.

**SECOND CAUSE OF ACTION**

**Violation of Government Code § 12940(m) - Failure to Accommodate Disability**

**By Plaintiff Against All Defendants**

21. Plaintiff incorporates by reference the paragraphs above.

22. At all relevant times herein, Plaintiff was an individual with a disability as defined by FEHA.

23. FEHA requires an employer to make reasonable accommodations for the known disabilities of employees to enable them to perform a position's essential functions, unless doing so would produce undue hardship to the employer's operations. Govt. Code §12940(m).

24. As a result of Plaintiff's disability, Plaintiff was in need of certain reasonable accommodations, as set forth herein.

25. Defendants were on notice of Plaintiff's need for reasonable accommodations in connection with their disability.

26. Defendants, and each of them, failed and refused to grant reasonable accommodations, as required by law, to Plaintiff (described supra).

27. Specifically, Plaintiff visited Defendant's assigned medical provider. Plaintiff was informed that the medical provider will forward results of the examination directly to Defendants.

28. Defendants assigned Plaintiff to light duty pursuant to medical provider's orders. Defendants had knowledge of Plaintiff's disability and need for accommodation.

29. Shortly after the injury, Plaintiff was terminated from employment.

30. The actions of Defendants against Plaintiff constitutes unlawful failure to accommodate a disability, in violation of FEHA. Such violations were a proximate cause in Plaintiff's damages as stated below.

### THIRD CAUSE OF ACTION

**Violation of California Government Code § 12940 (n) – Failure to Engage in the Interactive Process**

**By Plaintiff Against All Defendants**

31. Plaintiff incorporates by reference the paragraphs above.

32. At all relevant times herein, Plaintiff was individuals with a disability as defined by FEHA.

33. Govt. Code §12940(n) requires employers to engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations if an employee with a disability so requests. The interactive process is the key mechanism for facilitating the integration of

disabled employees in the workplace and liability may be imposed on the employer for failing to engage in the process.

34. As a result of Plaintiff's disability, Plaintiff was in need of certain reasonable accommodations, as set forth herein.

35. Defendants were on notice of Plaintiff's need for reasonable accommodations in connection with their disability.

36. Despite having notice of Plaintiff's disability and need for accommodations, Defendants engaged in unlawful employment practices when they failed and refused to engage in the interactive process (described supra).

37. Specifically, Defendants were informed by their medical provider of the results of Plaintiff's examination.

38. Defendants failed to initiate and/or engage in discussions with Plaintiff relative to his injury.

39. Defendants terminated Plaintiff shortly after his injury.

40. The actions of Defendants against Plaintiff constitutes unlawful failure to engage in the interactive process, in violation of FEHA. Such violations were a proximate cause in Plaintiff's damage as stated below.

## FOURTH CAUSE OF ACTION

**Violation of California Government Code § 12940 (h) - Retaliation**

**By Plaintiff Against All Defendants**

41. Plaintiff incorporates by reference the paragraphs above.

42. Government Code § 12940(h) makes it unlawful for an employer to discriminate against any employee who opposes or makes a complaint for practices forbidden by FEHA.

43. Plaintiff engaged in protected activity under § 12940(h) as set forth herein.

44. Specifically, Plaintiff was involved in a workplace injury.

45. Despite being able to perform his regular functions, Defendant's terminated Plaintiff from employment.

46. Defendants retaliated against Plaintiff in violation of California Government Code § 12940(h).

47. The actions of Defendants against Plaintiff constitute unlawful retaliation, in violation of FEHA. Such violations were a proximate cause in Plaintiff's damage as stated below.

### FIFTH CAUSE OF ACTION

### Violation of California Government Code § 12940 (m)(2) – Retaliation for Requesting Accommodation

### By Plaintiff Against All Defendants

48. Plaintiff incorporates by reference the paragraphs above.

49. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

50. Government Code § 12940(m)(2) prohibits an employer from retaliating or otherwise discriminating against a person for requesting accommodations, regardless of whether the request was granted.

51. As detailed above, Plaintiff engaged in protected activity by requesting accommodations in connection with their medical condition.

52. Specifically, Defendants were aware of the workplace injury suffered by Plaintiff.

53. Plaintiff went to visit the Defendant's medical provider to seek medical treatment.

54. Shortly after the injury, Plaintiff was terminated from employment.

55. Defendants retaliated against Plaintiff in violation of FEHA by harassing Plaintiff in connection with their request for accommodations. Such violations were a proximate cause in Plaintiff's damage as stated below.

### SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### By Plaintiff Against All Defendants

56. Plaintiff incorporates by reference the paragraphs above.

57. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of race, national origin, ancestry, physical disability, mental disability, medical condition, sex, and/or engagement in protected activity.

58. Based on the actions described above, Defendants terminated Plaintiff for engaging in protected activity.

59. Defendants actions were in violation of California Public Policy.

60. As a proximate result of the acts of Defendants, and each of them, Plaintiff has suffered and will continues to suffer damages, as stated below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

First Cause of Action
1. Compensatory damages
2. Punitive damages
3. Attorneys' fees
4. Costs
5. Other relief the court deems proper

Second Cause of Action
1. Compensatory damages
2. Punitive damages
3. Attorneys' fees
4. Costs
5. Other relief the court deems proper

Third Cause of Action
1. Compensatory damages
2. Punitive damages
3. Attorneys' fees
4. Costs
5. Other relief the court deems proper

Fourth Cause of Action
1. Compensatory damages
2. Punitive damages

3. Attorneys' fees
4. Costs
5. Other relief the court deems proper

Fifth Cause of Action

1. Compensatory damages
2. Punitive damages
3. Attorneys' fees
4. Costs
5. Other relief the court deems proper

Sixth Cause of Action

1. Back pay and front pay
2. Interest on the above amounts
3. Compensatory damages
4. Punitive damages
5. Attorneys' fees
6. Costs
7. Other relief the court deems proper

DATED: December 9, 2024                FRONTIER LAW CENTER

*/s/ Daniel Ginzburg*
Daniel Ginzburg

Attorneys for Plaintiff
CHRISTION ISAIAH FORTIER

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Manny Starr, 319778<br>23901 Calabasas Road, Suite 1084<br>Calabasas, CA 91302<br>TELEPHONE NO.: (818) 914-3433   FAX NO.: (818) 914-3433<br>EMAIL ADDRESS: manny@frontierlawcenter.com<br>ATTORNEY FOR *(Name):* Plaintiff Christion Isaiah Fortier | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>12/09/2024 at 01:38:43 PM<br>By: Damaree Franklin,<br>Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 4405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Fortier vs. Tesla, Inc

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>**24CV102546** |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $35,000)  (Amount demanded is $35,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☑ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 9, 2024

Manny Starr                                                             ▶ /s/ Manny Starr
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. January 1, 2024]                **CIVIL CASE COVER SHEET**                Page 2 of 2

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/09/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF(S):<br>Christion Isaiah Fortier | |
| DEFENDANT(S):<br>Tesla, Inc | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>24CV102546 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

- ASSIGNED JUDGE: Jenna Whitman
- DEPARTMENT: 25
- LOCATION: Rene C. Davidson Courthouse
  Administration Building, 1221 Oak Street, Oakland, CA 94612
- PHONE NUMBER: (510) 267-6941
- FAX NUMBER:
- EMAIL ADDRESS: Dept25@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**ASSIGNED FOR ALL PURPOSES TO**
**JUDGE** Jenna Whitman
**DEPARTMENT** 25

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

D. Franklin, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

ACSC (Rev. 10/21)    Page 2 of 2

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA**<br>COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612<br>PLAINTIFF:<br>Christion Isaiah Fortier<br>DEFENDANT:<br>Tesla, Inc | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Alameda<br>12/09/2024<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24CV102546 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 05/13/2025    Time: 3:00 PM    Dept.: 25
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

> If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:
>
> • EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
> • EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
> • EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | FILED<br>Superior Court of California<br>County of Alameda<br>12/09/2024<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF/PETITIONER:<br>Christion Isaiah Fortier | |
| DEFENDANT/RESPONDENT:<br>Tesla, Inc | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CV102546 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Daniel Vasil Ginzburg
Frontier Law Center
23901 Calabasas Rd Ste 1084
Calabasas, CA 91302

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/11/2024       By:

D. Franklin, Deputy Clerk

**CERTIFICATE OF MAILING**